DUPUY & HOWELL v. SHEAK & SHARRA.

1. **Partnership:** ACTION UNDER SECTIONS 3053 AND 3054, CODE.   Where it is sought to reach the interest of a party in a partnership, the burden of proof is upon the plaintiff to show that the party is a member of the partnership; and where such fact is not established by the evidence, the appointment of a receiver to determine the value of his interest in the partnership is erroneous.

2. —— : ——: GARNISHMENT.   Where a party simply represents his wife in the firm business, the partnership owes him nothing for services which can be reached by garnishment.

3. ——: SALE OF PERSONAL PROPERTY: FRAUD.   The sale of personal property by an insolvent debtor for a full consideration will not be set aside without proof that the purchaser participated in the fraudulent purpose.

*Appeal from Mahaska District Court.*

MONDAY, DECEMBER 12.

THE plaintiffs filed a petition alleging in substance that on the 21st of December, 1877, plaintiff recovered a judgment against J. H. Sheak for the sum of $509.53, no part of which has been paid; that on the 19th of November, 1878, the plaintiff caused execution to issue on said judgment, which was served by garnishing Sheak & Sharra and Alexander Sharra; that said Sheak & Sharra were then, and are now, a firm composed of J. H. Sheak and Alexander Sharra; that since the organization of said firm Mrs. L. Sheak, the wife of J. H. Sheak, has been nominally a member of said firm, but J. H.

Sheak has been and is the real and actual partner; that said firm was organized a few weeks after the judgment was rendered against J. H. Sheak, in order to fraudulently defeat the collection of said judgment, to fraudulently conceal the interest of J. H. Sheak in the firm, and fraudulently hinder and delay his creditors; that the defendants, at the time of said garnishment, and ever since that time, have been indebted to J. H. Sheak more than $1,000, and the interest of J. H. Sheak in the firm amounts to more than $1,000; that the property is in danger of being lost unless a receiver be appointed. Plaintiff prays that a receiver be appointed, that an accounting of the partnership matters be had, and that the partnership property be subjected to the plaintiff's judgment. The plaintiff filed an amendment to this petition alleging that an execution issued upon the judgment above referred to, which the sheriff levied upon certain oats, corn, wheat, rye, platform scales, office and fixtures, warehouse, and lots in Oskaloosa, all of which property was appraised at $6,560.62; and that after said levy and inventory the sheriff returned said property to Sheak & Sharra, who claimed to own it; that the sheriff, by virtue of said execution, garnished Sheak & Sharra and Alexander Sharra; that Sheak & Sharra were then, and are now, indebted to J. H. Sheak, who is a member of the firm, more than $1,000; that the property levied upon belonged to the firm of Sheak & Sharra, but they procured the ownership thereof in pursuance of the fraudulent scheme set forth in the original petition; that by virtue of the matters in the premises, the plaintiff acquired a lien upon the property levied upon as provided in section 3053 of the Code. The plaintiff prays the appointment of a receiver, and judgment as in the original petition. The defendants for answer deny that J. H. Sheak has, or ever had, any interest in the property in controversy. They allege that there is no surplus of assets of the firm after the payment of debts for division or distribution to any member of the firm, but that the firm is indebted to persons outside of the firm

and to the said Sharra in a sum greater than the assets of the firm.    They allege that the plaintiff, by continuously annoying and harrassing the firm by execution and garnishment, has sought to injure and impair its credit, so that it would be compelled to suspend business, and they ask that plaintiff be restrained by an injunction from such interference and annoyance.

A reply was filed to this answer denying its allegations on January 3, 1881, which was the day after the decree of the court was rendered.

On January 4, 1881, the court entered a decree finding that the defendant, L. Sheak, is only a nominal partner in the firm of Sheak & Sharra and that J. H. Sheak is the real party in interest, and is, as to the rights of the plaintiff, the real owner of one-half interest in the firm property and rights of the firm of Sheak & Sharra, subject to the rights of creditors, and the accounts of the partners for capital, and decreed that the interest in said firm property apparently owned and standing in the name of L. Sheak be subject to the payment of the plaintiff's judgment.    The court further found that it was unable from the evidence to determine the value of the interest of J. H. Sheak in the property levied upon, or to strike a balance between the partners after settlement of the firm accounts and debts, and the court appointed R. P. Bolles a referee to ascertain the state of the partnership accounts and the value of the assets above the liabilities, and the respective accounts of the members of the firm, and also appointed said Bolles a receiver to take charge of and protect the interest of said J. H. Sheak.

On February 6, 1881, defendants appealed.

On April 19, 1881, plaintiffs appealed, asking that judgment be rendered in favor of plaintiff for the whole amount of plaintiff's judgment.

*Williams & McMillen,* for plaintiff.

*John F. Lacy,* for defendant.

DAY, J.— I.   This proceeding is instituted under sections 3053 and 3054 of the Code to ascertain the interest of J. H. Sheak in the firm of Sheak & Sharra, and to subject that interest to the satisfaction of the plaintiff's judgment.   The cause was submitted upon the testimony of Alexander Sharra and of J. H Sheak alone.   The evidence shows that J. H. Sheak was in business in the grain trade in Wray's elevator in the town of Oskaloosa, from 1873 to 1878, employing a capital of from $3,000 to $5,000, some of which was borrowed.   During this time he lost all of his capital, and became indebted from $3,000 to $4,000.   On December 21, 1877, the plaintiff recovered a judgment against J. H. Sheak for $509.50.   On January 12, 1878, L. Sheak, the wife of J. H. Sheak, and Alexander Sharra, her uncle, entered into articles of copartnership, as follows:

"This agreement, made and entered into by and between L. Sheak of the first part, and A. Sharra of the second part, witnesseth:

"1. That said parties do hereby form and enter into a partnership under the name and style of Sheak & Sharra, said business to consist in buying, shipping, and handling grain and produce, and a general produce business on commission or otherwise; said business to be conducted at Oskaloosa, Iowa, and at such other points as said firm may select.

"2. The profits and losses shall be shared mutually.

"3. Said Sharra is to furnish all the necessary funds wherewith to carry on said business, and is also to devote his time and energies to the prosecution of the business of said firm, and the said L. Sheak, being unable personally to attend to the transaction of said business, agrees to employ J. H. Sheak, or some other suitable person, to aid in carrying on the business, and agrees to pay said employe for his services in behalf of said firm.   Said business will be entered upon immediately, or as soon as the parties can get ready to do so.   This

contract may terminate at any time at the instance of either party.

                                       " L. SHEAK.

                                    " ALEXANDER SHARRA.

"*January 12, 1878.*"

" So much of clause 3 in this article requiring the whole time of said Sharra is hereby annulled, and he will devote such time to the business of the firm as he may see proper.

                                       " L. SHEAK.

"*December 19, 1878.*"

Under these articles of copartnership the firm commenced doing business in the Wray elevator, formerly occupied by J. H. Sheak. Sharra put into the business $1,254. Neither L. Sheak nor J. H. Sheak advanced anything. Both J. H. Sheak and A. Sharra testify that L. Sheak is the actual member of the firm, and that J. H. Sheak has no interest therein. The burden of proof is on the plaintiff to establish the fact that J. H. Sheak is, as alleged, a member of the firm. We feel constrained to hold that the evidence does not establish the fact. From the relation of the parties a court might guess that J. H. Sheak has some beneficial interest in the firm, but certainly such fact cannot be said to be established by the testimony.

*1. PARTNERSHIP: action under § § 3053 and 3054, code.*

Judgments of courts must be based upon evidence, and cannot be founded upon mere guess or conjectures. Mrs. L. Sheak had a right to become a member of a partnership and to employ her husband to conduct the business for her notwithstanding his insolvency. Whatever the moral obligation of J. H. Sheak may have been, he was under no legal obligation to engage in business for the benefit of his creditors. It is not probable that Sharra would have been willing to invest his means in business with a partner so largely insolvent. He certainly had a right to refuse such a partnership, and it is not competent for the court, without proof, to infer that he entered into such a partnership. If J. H. Sheak had put his

property into the business under cover of his wife's name, a very different question would be presented. But the evidence is clear that neither J. H. Sheak nor his wife put anything into the business, except as indicated in the fourth point of this opinion. It appears from the evidence that J. H. Sheak would have been the partner in place of his wife if he had not been embarrassed. But as we have before intimated, he had a right to decline becoming a partner, and he cannot be held a partner simply because he would have been one if his financial condition had been different. The court erred in holding from the evidence that J. H. Sheak was the actual partner in the firm of Sheak & Sharra.

II. Even if the court was correct in holding that J. H. Sheak was an actual partner in the firm of Sheak & Sharra, still the decree of the court is wrong. The only money put into the business was $1,254, put in by Sharra. The evidence shows that the business was largely conducted by advances made by commission merchants. As soon as a shipment of grain was made the firm was in the habit of drawing upon the bill of lading almost to its full value. The firm was in debt to about the full amount of the assets, so that, as the evidence shows, after allowing Sharra the amount advanced by him, and charging to the other member of the firm the amount drawn out, nothing would remain to the share of Sheak. Instead of appointing a referee to ascertain Sheak's interest, the court should have found upon the evidence submitted that upon a division of partnership assets there would have been nothing for his share.

III. The evidence shows that J. H. Sheak was not employed by the firm, but that he represented his wife in the bus-

2. ——: ——: iness of the firm. The firm is not indebted to him
garnishment. for services any more than it would have been to Mrs. L. Sheak if she in person had assumed the management of the firm's business. Under the articles of copartnership it was her duty to employ a suitable person to aid in carrying

on the business of the firm. There is no debt due J. H. Sheak, so far as the evidence shows, which can be reached under the process of garnishment.

IV. It is claimed that the plaintiff is entitled to judgment on the ground of fraud. At the time of the formation of the partnership J. H. Sheak had horses, safe, and furniture used in the elevator valued at $341.50, which he sold to Sharra. Sharra paid part of the price down and the balance between February and March, 1878. It is claimed that this transaction was in fraud of creditors and that on this ground plaintiff is entitled to relief. There is no allegation in the pleadings which will justify the setting aside of the sale of property to Sharra as fraudulent. Besides, the evidence shows that Sharra paid a full consideration for this property. The sale cannot, therefore, be set aside without proof that he participated in a fraudulent purpose to place this property beyond the reach of creditors. The evidence does not justify such finding.

3. ——:
sale : fraud.

V. The defendants claim that the plaintiff should be enjoined from further annoyance of the defendants, upon the ground that no reply was filed to the answer until after the decree was entered, and that its affirmative allegations are, therefore, admitted. This point is merely suggested and does not seem to be relied on very confidently. A judicial decision that J. H. Sheak is not a member of the firm will afford full protection to the firm against annoyance upon his account, and render interposition by injunction unnecessary. Upon plaintiff's appeal                                                       AFFIRMED.

Upon defendant's appeal

REVERSED.